



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
RNEY GENERAL

March 30, 1939

Honorable T. M. Trimble
First Assistant State Superintendent
Department of Education
Austin, Texas

Dear Sir:

Opinion No. O-568

Re: Printing names on ballots
for independent school
trustee election with less
than 500 scholastics.

We are in receipt of your letter of March 30, 1939, in which you make the following request:

"Your ruling on the following problem will be appreciated:

"For the past ten years County Judges have asked the County Superintendent to secure election supplies, see to the printing of ballots and delivering same to the school districts of less than five hundred scholastics. This became a well established custom. This year two opposing sides filed petitions with me instead of with the County Judge asking that the names be placed on the official ballot. I printed the ballots and delivered same to the election judge. This is being questioned as an illegal procedure and Article 2746a is cited. The County Judge was furnished with a set of election supplies with the unprinted ballots and instructed to deliver same to be used in lieu of the set I delivered."

We understand that this is a portion of a request made y a county superintendent and the first person pronouns refer o the county superintendent.

Article 2746a, Revised Civil Statutes, 1925, as amended, rovides in part as follows:

"All of the ballots for the election of a school
trustee in common school districts and in independent
school districts having fewer than five hundred (500)
scholastics as shown by the last preceding scholastic
census roll approved by the State Department of Educa-
tion and exclusive of transfers shall be printed with
black ink on clear white paper, of sufficient thickness
to prevent the marks thereon being seen through the
paper, and be of uniform style and dimension; at the
top of the ballot there shall be printed "Official
Ballot, _____ Independent School District", the number
or name of the school district in which the election
is to be held to be filled in by the judge of the
county when he orders the ballots printed. Any person
desiring to have his name placed on said official ballot,
as a candidate for the office of trustee of a common school
district or of an independent school district as herein
provided shall, at least ten days before said election,
file a written request with the county judge of the county
in which said district is located, requesting that his
name be placed on the official ballot, and no candidate
shall have his name printed on said ballot unless he has
complied with the provisions of this Act; provided that
five or more resident qualified voters in the district
may request that certain names be printed. The county
judge, upon receipt of such written request, and at
least five days before the election, shall have the
ballots printed as provided in this Act, placing on the
ballot the name of each candidate who has complied with
the terms of this Act, and deliver a sufficient number
of printed ballots and amount of supplies necessary for
such election to the presiding officer of the election
at least one day before said election is to be held,
said election supplies, ballots, boxes, and tally sheets
to be delivered by the county judge by mail or in any
other manner by him deemed best, to the presiding officer
of said election in sealed envelopes which shall not be
opened by the election officer until the day of the
election."

We call attention to the provisions of this Article, and
especially to that part which provides that "no candidate shall
have his name printed on said ballot unless he has complied with
the provisions of this Act."

Statutory provisions as to the preparation of ballots
and as to the printed names to appear thereon are mandatory and
must be strictly followed. Dunagan v. Jones, 76 S. W. (2) 219.

It is also a general rule of statutory construction that a provision limiting a thing to be done in a particular manner implies that it shall not be done otherwise. 39 Tex. Jur. 189.

That part of the Act which provides "that five or more resident qualified voters in the district may request that certain names be printed" obviously means that such request shall be filed with the same officer authorized to accept the request of an individual candidate and within the same period of time.

A reading of the statute as a whole makes it clear that names shall not be printed on the ballot unless the procedure prescribed is followed. Local custom cannot repeal the mandatory provision of an Act of the Legislature.

We are of the opinion that names of candidates for school trustees in common school districts and independent school districts, having a scholastic population of less than five hundred, should not be printed on the official ballot unless written request has been made to the county judge as provided by Article 2746a.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      _Cecil C. Cammack_
         Cecil C. Cammack
         Assistant

CCC:N

APPROVED

FIRST ASSISTANT ATTORNEY GENERAL